UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                Plaintiff,                **Hon. Hugh B. Scott**

                                          06CV636S

                                            **Order**

        v.

JAMES H. ABDELLA,

                Defendant.

Before the Court is defendant's motion for an Order to obtain the court file in Jamestown City Court, <u>People of the State of New York v. Anthony Samuel Tota</u>, opened September 2003 from the Jamestown City Court (Docket No. 8). Defendant also moved to opt out of the Court's pilot mediation program (Docket No. 10), which was granted by Judge Skretny (Docket No. 13). Meanwhile, plaintiff (proceeding <u>pro se</u>) timely filed his response (Docket No. 15; <u>cf.</u> Docket No. 12, briefing Order, responses due Mar. 20, 2007) and moved to remove the Attorney General and Assistant Attorney General as defense counsel in this case (Docket No. 16) because plaintiff is suing defendant only in his individual capacity. Rather than await a reply to defendant's motion (<u>cf.</u> Docket No. 12, Order, reply due Mar. 30, 2007) or defendant's response to plaintiff's latest motion, the Court now renders this Order.

DISCUSSION

I.	Defendant's Motion for an Order to Produce the City Court Record

Defendant seeks production of plaintiff's city court file, relevant because plaintiff alleges that defendant inappropriately failed to recuse himself in that proceeding. Plaintiff objects arguing that the material contained in that file is privileged (Docket No. 15, Pl. Response Aff.[1] ¶ 3). But even under the provisions of New York State law plaintiff cites as relevant and establishing the existence of the privilege, N.Y. Mental Hyg. L. § 9.31(f), authorize disclosure pursuant to a Court Order, such as this one. Even assuming that this provision is applicable, defendant made this motion to alleviate the privacy and privilege concerns (see Docket No. 9, Def. Atty. Decl. ¶ 5).

Plaintiff objects that there was no Rule 26(f) conference and therefore, no discovery can begin (Docket No. 15, Pl. Response ¶ 11). But the parties attended a status and Rule 16 scheduling conference after which the Court issued the Scheduling Order (Docket No. 7) setting the deadline for discovery. In fact, during that conference (Docket No. 6), defense counsel indicated that he intended to move for an order to produce this court file. Thus, parties could begin discovery despite not first holding the Rule 26(f) conference among parties because discovery here was "otherwise ordered," Fed. R. Civ. P. 26(f), by the Scheduling Order.

Therefore, defendant's motion (Docket No. 8) is **granted**.

---

[1]Plaintiff titled this document an "Affidavit" (as well as the "affidavit" attached to his own motion, Docket No. 16) but it is unsworn.

II.     Plaintiff's Motion to Remove Counsel

Plaintiff seeks to remove Attorney General Eliot Spitzer[2] and Assistant Attorney General Michael Russo from representing defendant in this action, arguing that he was suing defendant individually only (Docket No. 16). The Complaint alleges that he was acting in his individual capacity (Docket No. 1, Compl. at attached document at 4; Docket No. 16, Pl. Aff. in Support of Motion ¶ 2) and not "as a Judicial Officer of New York State" (Docket No. 16, Pl. Aff. ¶ 4). New York Public Officers Law § 17 requires the state, through the Attorney General, to defend and indemnify a state employee, such as a City Court Judge, "in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties," N.Y. Pub. Off. Law § 17(2)(a), provided the employee performs certain procedural steps apparently not at issue here. This applies whether the employee is sued individually or in his official capacity, since the basis for the defense is actions that occurred within the scope of employment, see Hassan v. Fraccola, 851 F.2d 602, 604-05 (2d Cir. 1988), which plaintiff alleges here.

Individual capacity, as opposed to official capacity, involves whether New York State can invoke sovereign immunity under the Eleventh Amendment, see also Jackson v. New York, 381 F. Supp. 2d 80, 88 (N.D.N.Y. 2005), or (under New York State law) where the action could be maintained (New York State Supreme Court, if sued individually, or the New York State Court of Claims, if sued in their official capacity, see Cavanaugh v. Doherty, 243 A.D.2d 92,

---

[2]Now Governor Spitzer, he was succeeded by Attorney General Andrew Cuomo in January 2007.

101, 675 N.Y.S.2d 143, 149 (3d Dep't 1998)), which does not hinder the Attorney General's representation of defendant here.  Therefore, plaintiff's motion to remove defense counsel (Docket No. 16) is **denied**.

## CONCLUSION

For the reasons stated above, defendant's motion to obtain plaintiff's Jamestown City Court file in <u>People of the State of New York v. Anthony Samuel Tota</u>, opened September 2003 (Docket No. 8), is **granted**.  Plaintiff's motion to remove defense counsel (Docket No. 16) is **denied**.

So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Hugh B. Scott*
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Buffalo, New York
March 26, 2007