UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                        06-CV-636S

JAMES H. ABDELLA,[1]

                Defendant.

## I. INTRODUCTION

Plaintiff commenced this action *pro se* against Defendant on September 21, 2006. (Complaint, Docket No. 1.) Plaintiff's principle allegation is that Defendant denied him his due process rights under color of state law, which is actionable under 42 U.S.C. § 1983.

Presently before this Court are Plaintiff's Motion to Strike Statements of Defendant's Declaration (Docket No. 48) and Defendant's Motion for Summary Judgment. (Docket No. 39.) For the reasons discussed below, Plaintiff's motion will be denied and Defendant's motion will be granted.

## II. BACKGROUND

**A. Facts**

Defendant is a former Acting Jamestown City Court Judge, and acted in that capacity from 1994 through 2004. (Declaration of H. James Abdella, Docket No. 40, ¶ 1.) On July 19, 2000, Plaintiff appeared before Defendant in connection with a charge of aggravated harassment. (Arraignment Transcript, Docket No. 34-2.) At the hearing, Defendant released Plaintiff for psychiatric evaluation under the supervision of the

---

[1] It appears from the record that Defendant's correct name is H. James Abdella. (See, e.g., Declaration of H. James Abdella, Docket No. 40.)

evaluating facility. (Id.) Approximately one year later, in or about July 2001, Plaintiff appeared before a different judge in connection with a separate criminal matter. Thereafter, Plaintiff posted signs in his front yard calling Defendant and the other judge "Criminal[s]." (Plaintiff's Declaration Opposing Summary Judgment, Docket No. 45-1, pp. 5–6.)

Plaintiff next encountered Defendant in 2002, when Defendant recused himself from a small claims matter in which Plaintiff was a party. (Defendant's Rule 56.1 Statement, Docket No. 42, ¶ 3.) Defendant recused himself because he believed that Plaintiff had been driving around town in a truck displaying signs questioning Defendant's integrity. (Defendant's Statement, ¶ 4.) But Defendant later learned that he was mistaken, and that it was a different individual, not Plaintiff, who was driving the truck. (Id.)

On September 25, 2003, Defendant presided over a competency hearing in connection with, *inter alia*, an arson charge against Plaintiff. (Defendant's Statement, ¶ 5.) Plaintiff objected to Defendant's hearing of the matter and moved for recusal based on Defendant's earlier recusal from the small claims matter in 2002. Plaintiff also moved for leave to seek his own counsel, though he had already been appointed counsel through the public defender. (September 25, 2003 Transcript, Docket No. 45-2, pp. 4, 11–12.) Defendant denied both motions and explained that his earlier recusal was based on mistaken identity. (Defendant's Statement, ¶ 5.) Defendant also ordered Plaintiff remanded to a psychiatric facility for evaluation and observation not to exceed ninety days. (September 25, 2003 Transcript, pp. 12–13.)

Plaintiff subsequently commenced this action, alleging that Defendant illegally presided over the September 25, 2003 competency hearing in violation of Plaintiff's due

process rights. Defendant moved for summary judgment. Plaintiff moved to strike certain statements in Defendant's declaration (Docket No. 40) in support of his Motion for Summary Judgment. (Docket No. 48.)

### III. DISCUSSION

**A.     Plaintiff's Motion to Strike**

Plaintiff moves to strike paragraph four,[1] and lines one through eight of paragraph five,[2] from Defendant's declaration in support of his Motion for Summary Judgment. Plaintiff argues that Defendant's statements therein are inadmissible and thus should be stricken.

Rule 56(e) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). Only when the affidavit refers to a document must a certified copy of the document be attached. Id.

Plaintiff argues that Defendant has not proven the identity or existence of the individual referred to in paragraph four, and the statement is inadmissible as hearsay.

---

[1] Paragraph four reads in pertinent part as follows:

> The reason I recused myself from that case is because I had mistaken Mr. Tota with another man in town who had been driving around the City of Jamestown with a sign on his pick-up truck that made accusations about Judge LaMancuso and me being "crooked". [sic] I did not believe in good conscience that I should preside over a matter in which one of the litigants had been making public remarks about my integrity. However, I later learned that I had a case of mistaken identity, i.e., that it was not Mr. Tota who had been driving around town with the above-referenced sign, but was a different another [sic] man . . . .

[2] Lines one through eight of paragraph five read as follows:

> In regard to the competency hearing that I conducted on September 25, 2003 (Ex. B), my recollection is that it was held in connection with Mr. Tota's arrest earlier that year for throwing a "Molotov cocktail" into a building located in the City of Jamestown and confronting firemen with a shotgun upon their arrival. I also recall that Mr. Tota was under the impression that he was under surveillance from the Federal Bureau of Investigation.

Defendant's testimony, however, concerns his own beliefs and recollections about the nature and activities of the individual; the individual's true identity is not at issue.

Plaintiff further argues that the statements in paragraph five relate to criminal charges for which he has not been convicted. The statements, however, are nonetheless related to the Defendant's recollection of the nature of the proceedings before him; the validity of the charges is not at issue.

Consequently, Plaintiff's Motion to Strike is denied in its entirety.

**B.    Defendant's Motion for Summary Judgment**

Plaintiff maintains that by presiding over the September 25, 2003 competency hearing, after previously recusing himself in other matters, Defendant was without jurisdiction and violated Plaintiff's due process rights under color of state law when he ordered Plaintiff remanded to a psychiatric facility.

**1.    Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the

motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### 2. Judicial Immunity

"'[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 9–10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 20 L. Ed. 646 (1872)). Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. Mitchell v. Forsythe, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985). Thus, "[judicial] immunity applies even when the judge is accused of acting maliciously and corruptly." Imbler v. Pachtman, 424 U.S. 409, 419 n.12, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967)); see also Stump v. Sparkman, 534 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (immunity is not lost where judge acted in error, maliciously or in excess of his authority).

It is well-settled that judicial immunity applies in actions brought pursuant to § 1983. See id. at 355–56; Pierson, 386 U.S. 547; Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999). There are only two circumstances in which judicial immunity can be overcome: (1)

a judge is not immune from liability for actions taken outside his or her judicial capacity; and (2) a judge is not immune from actions that, although judicial in nature, are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11-12 (citations omitted).

### a. Judicial Capacity

The question of whether an act is "judicial" is resolved by examining "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Here, there is no question that a competency hearing held in City Court was "judicial" in nature, and that the parties understood it to be so. Thus, the first exception to judicial immunity does not apply.

### b. Jurisdiction

The Court in Stump held that immunity will not be overcome when a judge acts merely in excess of his or her authority, but only when he or she acts in the "clear absence of all jurisdiction." 435 U.S. at 356–57. The Bradley court used an example often cited in later judicial immunity cases: ". . . if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction . . . if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Bradley, 80 U.S. at 357 n.7.

Under New York law, unless there is a statutory disqualification under Judiciary Law § 14, ". . . a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion." People v. Saunders, 753 N.Y.S.2d 620, 623 (N.Y. App. Div. 2003) (quoting Stampfler v. Snow, 735 N.Y.S.2d 255, 256 (N.Y.

App. Div. 2002)). Judiciary Law § 14 provides that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding . . . in which he is interested . . . ." N.Y. Judiciary Law § 14 (McKinney 2009). Further, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ." N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3(E)(1) (2009). Just as importantly, however, in the absence of bias, a judge has a public duty to perform the judicial function to the best of his or her ability.

Here, Defendant mistakenly recused himself from Plaintiff's small claims case in 2002. Upon learning that his recusal was unnecessary in light of the case of mistaken identity, Defendant found no cause to later recuse himself from the hearing in 2003. Plaintiff argues that Defendant's prior interaction with Plaintiff gave rise to impermissible bias and completely deprived Defendant of jurisdiction. Such is not the case. Although Plaintiff was free to appeal Defendant's recusal determination, there is no indication whatsoever that Defendant acted without jurisdiction. Plaintiff's disagreement with Defendant's decision does not mean that Defendant acted without jurisdiction.

Accordingly, this Court finds that Defendant's continued participation in Plaintiff's competency hearing was not in "complete" absence of jurisdiction for purposes of establishing judicial immunity from a § 1983 action. See N.Y. Crim. Proc. Law §§ 730.30–.40 (McKinney 2009) (providing that "local criminal court[s]" have jurisdiction to hold competency hearings); N.Y. Crim. Proc. Law § 10.10(3)(c) (McKinney 2009) (providing that "local court[s]" include city courts). Thus, the second exception to judicial immunity does not apply.

In sum, Plaintiff does not dispute Defendant's alleged reason for presiding over the

competency hearing. His only argument is that Defendant was disqualified under state law because of alleged personal bias based on prior dealings with Plaintiff. But even if Defendant should have disqualified himself, a question this Court need not answer, his decision not to do so was not an act outside of his judicial capacity, nor did he act in complete absence of jurisdiction. Consequently, Defendant is entitled to judicial immunity for all claims arising from the conduct at issue and this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is denied, and Defendant's Motion for Summary Judgment is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Strike Statements of Defendant's Declaration (Docket No. 48) is DENIED.

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 39) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated: July 22, 2009
       Buffalo, New York

                                            /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                        United States District Judge